IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE ALDEN,<br><br>            Plaintiff,<br><br>   v.<br><br>UNUM GROUP, UNUM LIFE INSURANCE COMPANY OF AMERICA, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1–20, inclusive,<br><br>            Defendants. | No. C 16-03683 WHA<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND** |

**INTRODUCTION**

Plaintiff brings claims for breach of contract and bad faith relating to the denial of long-term disability benefits and seeks a writ of mandamus against the Commissioner of the California Department of Insurance to examine an insurer's compliance with a regulatory settlement agreement. Defendants removed the action on the basis of diversity jurisdiction, claiming that the Commissioner was fraudulently joined. Plaintiff now seeks to remand the action to state court. For the reasons stated below plaintiff's motion is **GRANTED**.

**STATEMENT**

Plaintiff Janice Alden resided in California where she worked as a chiropractor. She held a life insurance and disability policy insured by defendant Unum Life Insurance Company of America. At some unspecified date, Alden sustained an injury that allegedly impaired her ability to work. She initially received disability benefits under her policy with Unum, but

1  Unum terminated her benefits after two years.  Unum denied Alden's appeal of the termination.
2  Alden contends that denial occurred as a result of unlawful claims handling practices that had
3  been the subject of a multistate investigation in 2004.
4        The 2004 investigation culminated in a regulatory settlement agreement between Unum
5  and its subsidiaries on the one hand and defendant the Commissioner of the California
6  Department of Insurance on the other.  That agreement required Unum to reform its claims
7  handling process, including by applying certain criteria in the evaluation of long-term disability
8  claims in California and to submit to mandatory monitoring by the Commissioner.  The
9  agreement specifically provided as follows (Bernacchi Decl., Exh 1 at 10):

> The Insurance Commissioner shall conduct examinations of the Claim Reassessment Unit's claim decisions and compliance with the other terms of the [settlement agreement], including changes made in claims handling practices and procedures contemplated by the [settlement agreement], all in the manner and at such intervals as he or she deems appropriate in accordance with the Insurance Code and Regulations.

14        Alden commenced this action in San Francisco Superior Court in May 2016, bringing
15  various contract and tort claims against Unum and seeking a writ of mandamus requiring the
16  Commissioner to perform his duty to monitor Unum's compliance with the regulatory
17  settlement agreement.  Unum removed this action to federal court here in San Francisco in June
18  2016, contending that the Commissioner, the only California defendant, had been fraudulently
19  joined.  Although no certificate of service appears on the docket, at oral argument counsel for
20  Alden stated that the Commissioner has been served.  Alden now moves to remand the action
21  and seeks attorney's fees and costs incurred in bringing this motion.  This order follows full
22  briefing and oral argument.

**ANALYSIS**

**1. REMAND.**

25        A federal court must remand a removed case to state court for lack of subject-matter
26  jurisdiction.  28 U.S.C. 1447(c).  If a defendant establishes fraudulent joinder, the citizenship of
27  any fraudulently joined parties will not defeat diversity.  To prove fraudulent joinder, a
28  defendant must show that "the plaintiff fail[ed] to state a cause of action against a resident

2

defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods. Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citation omitted). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)). The defendant seeking removal is entitled to present facts showing that the joinder is fraudulent. *McCabe*, 811 F.2d at 1339. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Defendants contend that Alden fraudulently joined the Commissioner in this action because she has no legal or factual basis for seeking a writ of mandate against the Commissioner and because she lacks standing. Each issue is addressed in turn.

### A. Legal Basis for Alden's Claim.

Section 1085 of the California Code of Civil Procedure governs the issuance of a writ of mandamus. It states in pertinent part:

> A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person.

A writ of mandamus cannot be used to compel an agency to use its discretion *in a particular way*, but it can be used to compel an agency to exercise its discretion in the first place. *Armando D. v. State. Dept. of Health Serv.*, 124 Cal. App. 4th 13, 21 (2004). "[T]wo basic requirements are essential to the issuance of the writ: (1) a clear, present, and usually ministerial duty upon the part of the respondent; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty." *Id.* at 23 (citations omitted).

Alden argues that the Commissioner owes her a duty to examine Unum's compliance with the regulatory settlement agreement, although she was never a party to that agreement.

3

1   She cites more than a dozen decisions that remanded actions against insurers, rejecting the
2   contention that the Commissioner had been fraudulently joined.

3   Unum contends that all but one of Alden's cited authorities are distinguishable because
4   the plaintiffs therein sought a writ of mandamus requiring the Commissioner to review the
5   terms of specific insurance policies. By contrast, Alden seeks to require the Commissioner to
6   perform his duty to monitor Unum's compliance with the terms of the regulatory settlement
7   agreement entered in 2005, which monitoring she alleges has not been performed since 2008.
8   Unum cites no authority ascribing any meaning to that distinction.

9   The only decision to consider whether a claim for mandamus could compel the exercise
10  of monitoring duties is *Mahoney v. Unum Grp.*, Case No. 15-3532, 2015 WL 8104479 (N.D.
11  Cal. Dec. 8, 2015). There, Judge Saundra B. Armstrong considered a motion to remand,
12  brought by our same plaintiff's attorney, based on the Commissioner's duties under the exact
13  same settlement agreement here. Judge Armstrong held that even though the regulatory
14  settlement agreement afforded the Commissioner discretion to monitor Unum's compliance "in
15  the manner and at such intervals as he or she deems appropriate," the plaintiff could
16  nevertheless "pursue a claim that the Commissioner abused his discretion to review Unum's
17  compliance only one time, numerous years ago." *Id.* at *3 (citing *Rando v. Harris*, 228 Cal.
18  App. 4th 868, 876 (2014). So too here.

19  Unum points out that, contrary to Alden's allegation that no inspection has occurred
20  since 2008, the Commissioner reviewed Unum's compliance with the settlement agreement in
21  2013 — just months before Unum denied Alden's claim (Nesmith Decl. ¶ 2). That fact was not
22  before the Court in *Mahoney*. Unum's argument may ultimately win the day, but it has failed to
23  show that it is "obvious according to settled rules of the state" that the Department of Insurance
24  did not abuse its discretion in inspecting Unum only sporadically since 2003 (in 2008 and
25  2013). *McCabe*, 811 F.2d at 1339.[1]

---

27  [1] At oral argument, counsel for Unum averred they had provided a link to the 2013 report of the
28  Department of Insurance's review in a declaration in support of its opposition. On the contrary, counsel
    directed the Court to the Department of Insurance website. Unum provided the first three pages of the report
    (Bernacchi Decl., Exh. 2). It is unclear why Unum failed to provide the full report. In any case, the fact that a

4

### B. Alden's Standing.

Unum also argues that Alden lacks a clear, present, and beneficial right to the performance of the Commissioner's duties under the settlement agreement. No decision has yet addressed whether an insurer's beneficiaries constituted intended beneficiaries of a regulatory settlement agreement between the Commissioner and the insurer, such they would have a beneficial interest in the Commissioner's exercise of his duties under that agreement. That question need not be resolved at this stage. Unum has failed to meet its burden to show that it is settled under California law that Alden lacks standing here.[2]

### 2. ATTORNEY'S FEES AND COSTS.

Alden requests that the Court award costs and attorney's fees. Pursuant to Section 1447(c) of Title 28 of the United States Code, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).[3]

Alden argues that Unum has engaged in a thirteen-year streak of improper removal in this district. Indeed, since 2003, Unum or one of its subsidiaries has unsuccessfully removed eight cases in this district on the theory that the Commissioner had been fraudulently joined. Unum has *never* overcome a motion to remand with that argument in a California court.

Nevertheless, although Unum's litigation strategy has repeatedly proven unsuccessful, this order does not find that Unum lacked an objectively reasonable basis for removal. On the contrary, it raised genuine, albeit unavailing, distinctions between our case and each of its prior unsuccessful attempts at removal. Accordingly, Alden's request for attorney's fees and costs is **DENIED**.

---

review was conducted in 2013 still does conclusively establish that mandamus is unavailable.

[2] Alden does not address Unum's standing argument in her briefs at all.

[3] Unum does not address Alden's claim for fees and costs in its brief at all.

5

**CONCLUSION**

For the reasons stated above plaintiff's motion to remand is **GRANTED**, but her request for attorney's fees and costs is **DENIED**. The action is remanded to state court. The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: September 22, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE